STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV

DEBORAH E. WRIGHT of Old Orchard Beach, County of York, and State of Maine

Plaintiff,

v.

WAL-MART STORES EAST, LP d/b/a WAL-MART, a Delaware Limited Partnership doing business in the State of Maine.

COMPLAINT

NOW COMES the Plaintiff Deborah E. Wright (hereinafter "Plaintiff"). by and through counsel, Garmey Law, and Complains against the Defendant Wal-Mart Stores East. LP d/b/a Wal-Mart, hereinafter "Wal-Mart", as follows:

1. At all times material hereto, Plaintiff was and continues to be a resident of the Town of Old Orchard Beach, County of York, and State of Maine.
2. At all times material hereto, Defendant Wal-Mart was and continues to be a corporation organized under the laws of Delaware and licensed to do business in the State of Maine.

**COUNT I: NEGLIGENCE**

3. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth fully herein.
4. On or about November 17, 2018 Defendant owned and operated a Wal-Mart location on Boulder Way in Biddeford, Maine (hereinafter, "Biddeford Wal-Mart.")

5. On or about November 17, 2018 Plaintiff walked into the entrance of Biddeford Wal-Mart.
6. She walked over an entryway mat that was oversaturated with water.
7. Ms. Wright stepped off of the wet mat and slipped on water on the floor.
8. There were not adequate mats to absorb water from entrants' footwear.
9. Defendant had a duty to Plaintiff and all of its customers to ensure the entrance was safe for its customers on November 17, 2018.
10. Defendant breached that duty, including but not only by failing to adequately monitor the entrance for hazards, including water, failing to timely appreciate the fact that the entryway mat was saturated with water, failing to timely replace the mat with a dry mat, failing to timely appreciate liquid on the floor of the entryway, failing to provide adequate mats in the entryway, failing to train its employees to maintain a safe entryway, and by failing to adequately dry the entryway.
11. As a direct and proximate result of Defendant's carelessness, negligence and/or recklessness, Plaintiff has suffered and will continue to suffer physical injuries, mental anguish, pain and suffering, and loss of enjoyment of life, and has incurred and will in the future incur expenses for medical treatment; has incurred and will in the future incur lost wages, lost earnings capacity and lost economic opportunity; and has been permanently injured.

WHEREFORE, Plaintiff demands judgment against the Defendant for such damages as are reasonable, together with interest and costs and such other and further relief the Court deems appropriate.

**DATED** at Portland, Maine this 10th day of Oct, 2024.

Christopher A. Harmon, Esq. Bar No. 5432

Garmey Law
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644 phone
(207) 541-9242 fax